Next case on the calendar for today is number 21-2207 United States v. Helm Thank you so much Mr. Hay whenever you're ready Good morning your honors and may it please the court Daniel Hay of Sidley Austin on behalf of the appellant Mackenzie Helm I'll begin this morning addressing the breach of the plea agreement and then transition to talk about the guidelines error In the plea agreement the government agreed that on the date of his arrest Mackenzie Helm was not operating as part of a cocaine distribution conspiracy But was instead part of a separate and mutually exclusive conspiracy to distribute marijuana To implement this agreement the government proffered to the district court that the facts of trial would show that Mr. Helm was part of a marijuana conspiracy on September 21, 2020 And that for purpose of the offense of conviction the government is relying solely on that marijuana conspiracy However once it induced Mackenzie to plead guilty and once it convinced the district court to accept that plea The government turned around and said none of that matters and that Mackenzie should be sentenced as though he pled to the original cocaine charge This was contrary to Mackenzie's reasonable expectations under the plea agreement Which the expectation being that the government was foregoing this very argument that Mackenzie was in Vermont as part of a cocaine So the breach is to his expectation? Is there a provision of the plea agreement that you're specifically saying this was inconsistent with? It was inconsistent with the expectation created by the two provisions of the plea agreement that said first the court will allow him to plead guilty to superseding information Charging a marijuana conspiracy and would simultaneously dismiss the cocaine charge There was no express statement that the government will not argue cocaine but this court has never required such an express disclaimer of sentencing advocacy In the Palladino case, in the Vival case that we cite in our briefs, this court has looked to what would the defendant have reasonably expected provisions of the plea agreement The government said at the plea hearing that it would bring up the cocaine in sentencing and that was something that was specifically kicked down the road And so I don't know why the expectation even if it's not the language of the plea agreement Certainly, your honor. So the statements the government points to were a bit vague and seemed to refer to prior and related conduct But the record shows that the government charged Mackenzie with conspiracy to review cocaine Mackenzie, as the government acknowledges, consistently and repeatedly said he was not involved in a cocaine conspiracy So the government allowed him to plead the marijuana conspiracy In the face of that, vague statements that there may be some dispute about cocaine at sentencing Certainly was not up to put Mackenzie on notice that everything he had negotiated for in the plea was for naught And that he would be sentenced until he pled to the original charge As we lay out our brief, we think that the statements about down the road are references to prior conduct But even if the government was referring to the 50 kilograms, that makes it even worse That the government knew that it was going to argue 50 kilograms of cocaine Made some vague statements that Mackenzie did not understand And then come back at sentencing to wipe out all the benefit that Mackenzie negotiated for And relied upon when he pled guilty to a marijuana charge But can you help us figure out where we would draw a line for what conduct could be considered part of the relevant conduct analysis And which one can't You're also asking us to examine what we think that the government intended to do Or what was reasonable for people to expect I mean, these are all very hard line drawing to do when we are sitting where we are Certainly, Your Honor So the line that we're drawing is a line that the government itself drew at sentencing Where it talked about there was a back and forth of prior conduct And so under the guidelines for certain drug crimes Prior drug crimes, prior distribution can come in under the rubric of relevant conduct That's why Mackenzie was held liable for 362 kilograms of marijuana on prior events The difference is the offense conduct What the government said at pages 37 and 38 of the appendix after discussion of prior conduct The government said for purposes of the offense of conviction The government is relying on, and then skipping a few words, a conspiracy The objective of which was a distribution of marijuana So all that we are focusing on is what was Mackenzie arrested for on September 21st, 2020 We're not making any dispute about other crimes he may have committed Other agreements he may have been a part to That is all things that are wrapped up in a pre-sentence investigation The only argument that was foregone by the plea agreement Was that when Mackenzie was arrested on September 21st He was there as part of an agreement to distribute cocaine And part of the reason why this is a reasonable expectation, your honors Is a plea agreement is a contract And every contract has to be construed so every provision has meaning If not for a favorable sentencing consideration There would have been no reason, no benefit for changing the charging instrument Mackenzie received the same statutory minimum and maximum he would have under the indictment And the same guidelines he would have under the original indictment There would have been no reason to change the plea Other than to, from Mackenzie's view, get some favorable consideration at sentencing Where cocaine is treated 200 times more seriously than marijuana This error was not just something that we contend was clear But it's also critical This is not just that the court considered a factor it shouldn't have Or misweighed the facts in our consideration But rather the government advanced an argument that it was not allowed to advance And that is an error this court has said so It affects the proceedings that requires not just vacature But reassignment to a new judge Not because of any bias or any partiality on the part of the judge Because ringing that bell can't be undone I'm sorry, so I think what I'm hearing now And then we heard elements of this, or we saw elements of this in the brief Is this hint of a potential sentence manipulation And in this court, my understanding is we've never formally Recognized that as a viable argument What would that look like here? So we're not contending sentencing manipulation I do think when we get to the guidelines issue, which I'll turn to in a minute There is a prophylactic reason to look to the agreement Because the government can't design stings So that due to a secret agreement, the sentence is ratcheted up Here rather, it is I'm sorry, so it's not just sentence manipulation You're suggesting a hint of entrapment Is that right too? So on the guidelines, the reason why comment 5 to section 2D1.1 Looks to the agreement is to prevent entrapment, manipulation And just general But we haven't recognized those here, right? I believe that is correct, your honor But on the plea, the rule we're asking this court to announce and apply Is the same rule this court has applied in numerous cases Which is that pleas are construed To implement the reasonable expectations of the defendant And the government is held to a rigorous standard of strict performance And we just spoke briefly about the guidelines If I may very quickly turn to that issue Section 1B1.3A1 sets forth two ways that relevant conduct can be assessed The district court relied entirely on subsection A Which is based on the defendant's conduct The defendant possessed drugs, the defendant conspired The defendant sent someone to pick up drugs Even under the government's theory, accepting their view of the facts Everything the government, every base the government has For attributing 50 kilograms of cocaine to McKenzie Is based on the actions of others That McKenzie's co-conspirators agreed to distribute cocaine That McKenzie's co-conspirators sent him to pick up drugs We dispute that even under subsection B That this 50 kilograms of cocaine can be held against McKenzie But that is an entirely different analysis And one that district court did not perform at the government's invitation So I understand your argument to be that this wasn't He didn't commit an act for purposes of A1A But assuming we disagree with you on that Your argument then is that A should have a scienter requirement As B does, is that fair? No, there's no scienter requirement under subsection A But rather subsection A looks to what the acts and conducts of the defendant Which is why, for example, his prior distribution of marijuana Comes in under A Why arguably, although not material in this case That the 530 grams of cocaine he actually possessed come in under A But the other 50 kilograms of either marijuana or cocaine That he never actually possessed And it was only alleged to have conspired to possess Have to come in under B I think the court's decision in Dave Velasquez Supports that position as well Where it says that there is an explicit foreseeability requirement For conspiracy-based sentencing in 1B1.3 I see I've passed my time Unless the court has any further questions I will yield the floor to my colleague Thank you, Your Honor Thank you We'll hear from the government Good morning, may it please the court I'm Mike Drescher from the United States Attorney's Office From Burlington, Vermont Mr. Helms' appeal suffers from a fatal premise A fatally incorrect premise And that is that a conspiracy to distribute marijuana Is mutually exclusive with a conspiracy to distribute Any other controlled substance, in this case cocaine That premise is incorrect as a matter of law In terms of underlying liability for a criminal conviction It's incorrect as a matter of sentencing principles And it's incorrect as a matter of fact in this case This court has made clear that to be convicted of a Drug distribution conspiracy It is not necessary for the government to prove That the defendant specifically intended To distribute a particular controlled substance Although the defendant has to have known That the object of the conspiracy Was a controlled substance distribution So I'm, can you please explain to me Like why we shouldn't be concerned About over-aggression on the part of law enforcement To bait and switch people To manipulate what sentences look like To set things up Like where is the limiting principle In terms of what could be fair to someone About what they think they're engaged in The limiting principle, I believe, Your Honor Can be found in Application Note 522D1.1 Correct And that is If they can prove it But so like why didn't he meet that standard here He did not meet that standard here For several reasons And I'm focusing on the guideline I take your question to be focused on the guideline application Yep, yep There is no dispute And I think Judge Park's question alluded to this That Mr. Helm was personally and directly involved In traveling from upstate New York To South Burlington, Vermont There's no dispute that he knew He was doing that in furtherance Of a drug distribution conspiracy He thought, or he consistently denied Knowing that it was going to be cocaine But he conceded that he had moved marijuana On behalf of this conspiracy That there's no dispute that he was dispatched By those above him in the conspiracy To pick up 50 kilograms of cocaine Indeed, his grandparents were kidnapped a week later And they were held for the ransom That would include either the value The $3.5 million Or the 50 kilograms themselves That's at paragraph 75 of the pre-sentence report This is not a case In which anybody has suggested DEA inflated the nature of the reverse sting This is not a case in which anybody Has suggested that the DEA Planted a quantity of a controlled substance That was outside the amount that was agreed to There's no suggestion in this case That the DEA was doing anything Other than following up on its successful Interjection into the middle Of a drug distribution conspiracy Now, Mr. But you agree that he Never thought he was picking up cocaine I'm sorry, your honor You agree that he This defendant thought he was picking up marijuana And did not think he was picking up cocaine As we conceded below Mr. Helm was consistent in that regard That on September 21 He stated that he did not believe He was picking up cocaine But at paragraph 35 of the pre-sentence report He conceded also that he had been dispatched Twice by this group Once to pick up bricks of cocaine And once to test cocaine He was brought into this group By virtue of his source of cocaine And he knew that this group Dealt in very large quantities of drugs So there was a very strong foreseeability argument That we could I'm happy to argue today That we could have pursued below Or that this court could have relied on below But the fact that he did not Crediting his denial That he did not believe he was going to pick up cocaine Under this court's precedence Including Obie Including Andino Including, critically, Chilarka It's not material Because once he is personally and directly involved In an act in furtherance of the cocaine Foreseeability is not a question This court has recognized that The sentencing exposure to the drug courier The drug courier suffers from significant sentencing risk Because of the way Congress and the Sentencing Commission Has allocated those risks Once a person has involved himself In the drug distribution conspiracy By personally and directly conducting a drug transaction They are responsible for the quantity That is assigned to that transaction  And so there would be no reason to treat The identity of the substance Different from the quantity I'm sorry, your honor, I'm having a hard time hearing And so your argument, I think the logical argument That I was hearing was that there was no reason To treat the identity of the substance Different from the quantity Is that right? That it would not require a foreseeability analysis under A That is correct And that is what this court has held In Chilarka and in Obie Where the defendant claimed he was picking up He thought he was picking up cocaine But it was really heroin The heroin guidelines applied In Andino, which was a question about Sienta requirement The defendant claimed that he was picking up Or he had been mailed a package That he thought contained marijuana But it was really cocaine Actually, in both those cases Chilarka and Andino, as is here The law enforcement replaced the drug With fake drugs Now there was a subset of the drugs That Mr. Helm actually picked up That was actual cocaine But a big part of Mr. Helm's argument on appeal Is that he shouldn't be assigned responsibility For the 50 kilograms of cocaine That he was dispatched to pick up And that which he went to Vermont to pick up I suggest that that position is inconsistent With the application note 5 I suggest it's inconsistent with this court's approach To treating fake drugs in reverse sting cases I note that the concurring opinion in Chilarka Complained that the DEA in that case Was dealing with fake cocaine And if that had been a dispositive issue The opinion for the court Would have been mooted quite quickly I note that in the Andino case The defendant in that case Had sham replaced for cocaine And the court made clear That that did not affect the question of guilt Or his potential exposure To a mandatory minimum sentence in that case Have we ever held that there's no scientific requirement In the non-possessory context? I think the cases you're referring to There was actually The defendant was taking possession of the substances I believe in the Chilarka case Where the defendant had issue in that case And it's sort of a one-off case Because the district court made a factual finding That the defendant who the jury convicted Of a drug distribution conspiracy Actually did not engage in any overt act In further of that conspiracy On the other hand To get to the question of whether that was relevant or not This court had to wind its way through The question of foreseeability under 1B1.3A1A And if it had not been And if the operation had succeeded All the defendant did in that case was Worst case for the defendant was Participate in the delivery of $70,000 As part of a drug transaction I'll note also that in Chilarka This court relied on the Seventh Circuit's case In Corral Ibarra Where in that case The defendant basically touched Two kilograms of cocaine But was held responsible under the guidelines For 50 kilograms of cocaine Because his direct and personal involvement In the transaction Was pursuant to a reverse sting Involving the full 50 kilograms I would be happy to address The breach of the plea agreement If your honors have any questions about that I think the record is I'm hoping you can just answer One at least last question for me Which is what was the benefit To the defendant for plea If marijuana abuse is going to be Put on the hook for cocaine So the benefit to the defendant In this plea agreement was several fold First he achieved the acceptance of responsibility Under the sentencing guidelines Second he achieved peace in the form And there was no other way That he could get those I mean I saw that in the brief I saw you make that response in the brief There was no other way A judge might accept responsibility If it had been under another If it had been dealing with cocaine Or if he had been putting you To your proof for cocaine In my experience It is almost unheard of For a defendant to receive Acceptance of responsibility Without pleading guilty Under the guidelines In addition he got Mr. Helm received peace In the form of our agreement In paragraph 12 That we would not prosecute him For other drug crimes Known to the United States In addition by virtue of The cooperation agreement That was the sealed appendix To our brief He stood to benefit From potential additional Sentencing mitigation In the form of cooperation credit And from our perspective And clearly he was comfortable Pleading guilty to a charging document That identified marijuana Because that was his position From our perspective From the government's perspective Allowing him to Or accepting entry Into a plea agreement with him That identified a marijuana objective Of the conspiracy Was like taking the sleeves Off our vest I believe Mr. Hay conceded this The relevant conduct inquiry Is identical Whether he pleaded To a cocaine conspiracy Or whether he pleaded to a document That identified marijuana And I want to be clear We did not trick Mr. Helm Into pleading At the change of plea hearing I made clear That we anticipated arguing That cocaine would be part Of the relevant conduct And if the idea Of precluding the government From sentencing advocacy In that regard Was such an important Piece of this negotiation We would have expected Mr. Helm's attorney below A very experienced defense counsel To have objected At the change of plea hearing To have objected At the sentencing hearing There was no objection Which not only is evidence Of Mr. Helm Not having the understanding That I would suggest The revisionist history Of his appeal suggests But rather We were all on the same page That we were going to Have an argument As to relevant conduct At sentencing We did not hide the ball From him in any way And we made the record Clear in that regard I believe Judge Crawford Confirmed that At the plea hearing Unless the court Has any further questions Thank you Mr. Hay You have two minutes Thank you I was going to make Two brief points Judge Pettis To your question About what was the benefit There was no benefit To the change In the charging instrument Unless it was going to Give some sentencing Consideration All the benefits That Mr. Drescher Just identified Resolution the guilt phase Acceptance of responsibility That could have been Obtained under a plea agreement That pled to cocaine Or I believe Could have also been Obtained had he just Pled open For a plea agreement To be interpreted As a contract Every provision Including the provision Substituting the charging instrument Have to have meaning And I was kind of surprised By Mr. Drescher's comment That that provision Which was central Which was one of the First things listed He described as Sleeves off the vest Meaning illusory Non-existent Meaningless It certainly wasn't Meaningless to Mr. Helm I think any reasonable person Who looked at a plea agreement That changed The type of drug To one that is Treated much less seriously Under the sentencing guidelines Would not see that As an illusory And worthless change As for The cases Talking about When a defendant Is personally involved In a drug transaction Judge Park You pointed out That those judges Those cases All involved Actual possession Where there are Actual drugs Involved And in fact In the Dave Velasquez case At Penn site 6 What this court said is We recognize of course That conspiracy cases Have been treated differently And that reasonable foreseeability Is the rule For sentencing In drug conspiracy cases It then goes on to say This is a possession case And so The direct involvement Does not require Foreseeability Or type of center But all those cases Involve defense Who actually Picked up Handled Distributed drugs We don't have that here And as far as What was going on Through the DEA's mind We don't know There's not a record As far as how This thing was designed But as we point out In our briefs It was marijuana Instead of cocaine Which has a pretty Substantial effect On sentencing It could have Just as easily Been a secret agreement Amongst the DEA To be fentanyl Or LSD Or meth Or something that has A much larger Sentencing range The only way To make sure That the guidelines Match the defendant's Culpability Is to tie it To foreseeability In these Especially in diversity In cases And more broadly In conspiracy cases Happy to answer Any of the panel's Questions But if not We'll ask the court To vacate And remand for resentencing Thank you both Thank you The last case On the calendar For today Is on submission So that concludes Our arguments I'll ask the court And deputy To adjourn Court is adjourned